UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
DERRICK MULLINS,

                  Plaintiff,

-against-

VILLAGE RESTAURANT GROUP LLC d/b/a HUDSON
CLEARWATER and 71 MORTON STREET, LLC,

                  Defendants.

-------------------------------------------------------------------

Case no. 18 CV 7740

## COMPLAINT

Plaintiff, DERRICK MULLINS ("Plaintiff"), by and through his undersigned counsel, hereby files this Complaint and sues VILLAGE RESTAURANT GROUP LLC (the "Tenant") and 71 MORTON STREET, LLC (the "Landlord"; with the Tenant, collectively, "Defendants") for declaratory and injunctive relief, compensatory damages, statutory damages, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYSHRL"), the New York State Civil Rights Law, N.Y. Civ. Rights Law § 40 *et seq.* ("NYCRL"), and the New York City Human Rights Law, New York City, Administrative Code of the City of New York § 8-101 *et seq.* ("NYCHRL"), and alleges:

## JURISDICTION AND PARTIES

1.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181 *et seq.* This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.     This action also seeks compensatory damages and statutory damages pursuant to the NYSHRL, NYCRL and the NYCHRL. This Court is vested with supplemental

jurisdiction pursuant to 28 U.S.C. § 1367.

3.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the property at issue is located within the Southern District of New York and because all events giving rise to this lawsuit occurred in New York County, Southern District of New York.

4.    Plaintiff is a resident of the State of New York.

5.    Plaintiff is a qualified individual with a disability under the ADA, the NYSHRL, the NYCRL and the NYCHRL.

6.    Plaintiff uses a wheelchair for his primary means of mobility as the result of muscular dystrophy.

7.    Due to his disability, Plaintiff is substantially impaired in several major life activities.

8.    The Landlord owns the property known and designated as 447 Hudson Street, New York, New York (hereinafter, the "Property"), where the subject of this action, a restaurant known as Hudson Clearwater (hereinafter, the "Restaurant"), is located.

9.    Upon information and belief, the Tenant leases the Property from the Landlord pursuant to a written agreement.

10.    Upon information and belief, the Tenant owns and operates the Restaurant.

11.    The Property is a place of public accommodation, as it an eating and drinking establishment, open to the general public.

## FACTUAL BACKGROUND

12.    Defendants are obligated to comply with the ADA.

13.    The Property is a place of public accommodation, subject to the ADA.

14.    Plaintiff enjoys going to the part of New York City known as the "Village", the

2

area where the Property is located, and he has a friend who lives in the area who he visits, as well as treating with a doctor in the area.

15.     The last time Plaintiff desired to eat at the Restaurant prior to the filing of the complaint, when Plaintiff and his friend were seeking a place to eat lunch, was on or about August 15, 2018, when he was deterred from entering due to the barrier at the door, to wit, a step which he was unable to traverse in his wheelchair.

16.     Plaintiff was also unable to dine at the outdoor café in the front of the Restaurant as no ADA compliant seating was provided by the Restaurant.

17.     Plaintiff personally observed and/or has been made aware of the inaccessible features of the Property, as discussed below.

18.     The barriers discussed below are excluding Plaintiff from the equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Restaurant.

19.     Defendants are required to remove architectural barriers to the physically disabled when such removal is readily achievable for a place of public accommodation that has existed prior to January 26, 1992, 28 CFR § 36.304(a). In the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26,1992, then the Defendants are required to ensure, to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26,1993 as defined in 28 CFR 36.401 then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

3

20.     The 1991 ADA Standards for Accessible Design (the "1991 Standards") apply to new construction and alterations until March 14, 2012. As of March 15, 2012, compliance with the 2010 ADA Standards for Accessible Design is required for new construction and alterations, accessibility and barrier removal. Premises altered between January 26, 1992 and March 15, 2012, must comply with either 1991 or 2010 Standards in accordance with the safe harbor provisions of the 2010 Standards.

21.     Records of the New York City Department of Buildings reveal that substantial alterations have taken place at the Property since the ADA became law, the precise scope and nature of such alterations being presently unknown and more particularly within the knowledge of Defendants.

22.     Prior to commencement of this action, an investigation of the Property was conducted, which revealed the following:

The entrance to the Restaurant consists of a single entrance door, over 32 inches wide, which pulls outward over a single brick step on the sidewalk, which prevents Plaintiff from entering.  The step is approximately 6 inches high and leads directly into the bar area.  However, there are bar stools directly in front of the door.  People seated on bar stools at the end of the bar nearest the door would obstruct the clear floor space which a patron using a wheelchair entering and exiting would require.

The following barriers are presented at the entrance to the Restaurant[1]:

a)      There is no accessible route from the sidewalk to an accessible building entrance, as required by 4.1.2 (1).

---

[1] All numbered citations refer to the 1991 Standards

b)      The entrance includes a step approximately 6 inches high, in violation of 1991 Standards 4.5 and 4.5.2, which requires rises over ½ inch to have a ramp complying with 1991 Standards 4.7 or 4.8. (4.1.2 and 4.1.2 (4))

c)      No accessible route connects the accessible spaces on the site, as required by 4.1.2 (2).

d)      There is no signage directing disabled patrons to an accessible entrance, although required by 4.1.2 (7).

e)      There is no accessible route which connects the sidewalk with all required accessible areas of the facility (4.3.2).

f)      All altered portions of the building which are required to be accessible pursuant to 4.1.6, and fail to comply with 4.1 through 4.1.3, although no exceptions to compliance are provided.

g)      The step at the door create a rise within the maneuvering clearance that Plaintiff is unable to navigate in his wheelchair.

h)      Although at least one accessible route complying with 4.3 from a site access point to an accessible entrance is required by rules for historic premises (see 4.1.7 (3)(a)), Defendants have failed to provide same.

i)      The presence of the bar and bar stools within 42 inches of the entry door would prevent Plaintiff from entering and exiting the restaurant (4.13.6, 4.13.5, 4.13.6).

j)      Where the alterations undertaken inside, when taken together, amount to an alteration of a room or space in this facility, each corresponding room has not been made fully accessible, as required by 4.1.6 (1) (b).

k)      There is no accessible means of egress, in violation of 4.3.10, so that even if

5

Plaintiff allowed someone to help him inside, he would be trapped in the event of an emergency.

There are multiple dining areas, both inside and outside the Restaurant, each of which will be discussed.

Outdoor dining is provided both in the front and rear of the Restaurant, with a sidewalk café in the front and a garden area in the rear.

The sidewalk café is located along the Hudson Street side of the Restaurant.  The sidewalk café permit allows for an unenclosed café space of 138 square feet, with six tables and 12 seats. This area has no barrier around it so that a person in a wheelchair may easily approach a table. However, each of the two types of tables provided create barriers so patrons such as Plaintiff may not roll beneath the table to eat.  Some tables have a center leg and a pedestal base, which obstruct wheelchair wheels.  Other tables are of a folding type and have legs and hardware in the space where Plaintiff needs to roll into.

The garden area is located in the rear of the Restaurant and two routes are available to able bodied patrons to enter the area.  You are required check in with the hostess inside the front entrance and then you are able to go outside and enter through a side door, around the corner, which leads directly into the garden. The outside door swings inwards and there appears to be a rise over ½ inch at that door.  The garden area has folding tables which obstacles which would obstruct the knee clearance required which would not allow a wheelchair bound patron to pull up below the table in order to eat comfortably.

Inside, on the main level, there are small tables with a single center leg which are supported by a pedestal base.  While there appear to be 36 inch wide aisles to allow someone in a wheelchair to approach a table, there is no accessible table which provides the knee clearance to allow such a patron to sit below the table.  The pedestal base on the floor obstructs the wheels of a wheelchair

to move below the table.  The bar height would prevent a patron seated in a wheelchair from having a drink at the bar, as no lower section is provided.  There is no accessible table placed nearby the bar to allow a disabled patron to join in the camaraderie of others at the bar.

About half way into the Restaurant, from the front door, there are two stairways along the right side of the room.  One leads down into the cellar, and will be hereafter discussed in greater detail, and a second stairway of approximately 4 steps leads up to a mezzanine dining area.  This area provides seating similar to the main level.  In the rear of the mezzanine there is bar seating which allows one a view of the garden and a view of the chefs who are preparing and serving dishes from the open area behind the bar.  None of the mezzanine bar seating is at a level accessible to people in wheelchairs.  Also at the rear is an outside stairway which leads into the garden dining area.  The steps have closed backs and railings on both sides, to assist disabled patrons who may walk with assistance, but no lift or ramp is provided to allow an accessible entry into the garden from inside the restaurant.

The stairway going down into the basement, where the bathrooms are located, has a railing on one side. At the bottom, there is a bench and a fireplace. This area appears to be used as a waiting area during inclement weather, so patrons may wait indoors for their table to be available. There is no route by which this protected area is made available for patrons in wheelchairs who may wish to be protected from the elements, as able bodied patrons are.  There is an enclosed room, with seating for 12, found on this level.  There is no accessible seating within this room. Past the toilet rooms is a short hallway which leads to an exterior set of stairs which lead up into the garden.  This stairway has no lift available.

The following barriers present in the dining areas are noted:

a)      Restaurants must provide an accessible route to all dining areas including outdoor

7

dining areas, but the Plaintiff can enter no dining area here due to the above described barriers (5.4).

b)       According to 5.1, compliance with 4.1 to 4.35 is required by restaurants.  4.32.2 and 4.32.3 set forth the clearance required by persons seated in a wheelchair to pull up to eat and drink at a table.  Lack of clearance below the tables create an unequal benefit, whereby wheelchair patrons may not sit comfortably below a table.

c)       In spite of extensive renovations, all areas created by the construction were not made accessible, as required by 5.4.

d)       There are no accessible tables near the bar and neither bar provides a 60 inch long section at a height under 34 inches so Plaintiff may sit with other patrons, at the bar (5.2).

Turning now to the toilet rooms, as noted above, they are in the basement and may only be reached by stairs.  Each room has a narrow door, perhaps 20 inches wide, limited clear floor space inside, perhaps 2 feet round, and both offer a toilet and a sink, with no room inside to allow the 30 x 48 inch clear floor space a person in a wheelchair needs to sit inside a room. In addition, the toilet paper is hung well over a foot away from the toilet, the mirror is over 40 inches high at the reflective edge, and there are no grab bars around any toilet.

The following is noted with respect to the toilet rooms:

a)       There is no toilet facility provided which complies with 4.22, as required 4.1.2 (6). Alternately, there is no unisex toilet provided which complies with 4.16 nor one lavatory complying with 4.19. (only renovated areas containing a primary function are required to comply with 4.1.2 (6) but, per 4.1.2 (6), even if not on an accessible route, it is required to meet 4.22 guidelines).

b)       The required turning space is not present inside any toilet room which would allow

8

Plaintiff to enter and close the door (4.2.3, 4.22.3)

      c)     The mirror above the sink exceeds the required maximum height of 40 inches (4.19.6)

      d)     No grab bars are present on either side of the toilet, which would allow individuals to transfer to and from the toilet (4.16.4, 4.26).

      e)     Toilet compartment doors are so small they do not allow a person in a wheelchair to pass thru into the room (4.13, 4.13.5, 4.13.6)

      f)     There is no clear floor space inside the rooms to accommodate the entry of a person in a wheelchair to sit inside the room, or at the toilet or sink (4.19.1, 4.19.3, 4.22.2, 4.16.2)

      g)     There are no railings on both sides of either stairway required to reach a toilet room, as required by 4.9 and 4.9.4.

      h)     When major structural work was undertaken, the stairs were not made to comply with 4.7, 4.8, 4.10 and 4.11.23.

## COUNT I - VIOLATION OF TITLE III OF THE ADA

23.     Upon information and belief, Defendants are in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.*, and the Property is not accessible.

24.     Plaintiff continues to desire to visit the Property, but will continue to be unable to partake of the goods and services offered to the general public by Defendants until the barriers hereinabove described have been removed.

25.     The barriers to access and ADA violations alleged herein still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

26.     Defendants have failed to make the Restaurant readily accessible to and useable by

individuals with disabilities

27.     Plaintiff will return and patronize the Restaurant once the barriers to access hereinabove set forth have been remediated.

## COUNT II - VIOLATION OF NYSHRL

28.     Plaintiff realleges and reavers the prior paragraphs of the complaint as if they were expressly restated herein.

29.     As the owner, manager, lessee, and/or proprietor of a place of public accommodation within the jurisdiction of the State of New York, Defendants are obligated to comply with the provisions of the NYSHRL.

30.     NYSHRL § 296(2) provides: "It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation, . . . because of the . . . disability . . . of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."

31.     The conduct alleged herein discriminates against Plaintiff on account of his disability.

32.     The conduct alleged herein violates the NYSHRL.

33.     Defendants have violated the NYSHRL by depriving Plaintiff of the full and equal enjoyment of the accommodations, advantages, facilities, and privileges offered at the Property.

34.     Defendants have violated the NYSHRL by failing to remove the architectural barriers at the Property.

35.     Upon information and belief, removal of some of the discriminatory barriers to

access located at the Property is readily achievable, reasonably feasible, could be easily accomplished, and would not place an undue burden on Defendants.

36.     Defendants' conduct has resulted in a cognizable injury to Plaintiff.

37.     Plaintiff has been damaged and will continue to be damaged by this discrimination.

38.     As a direct and proximate result of Defendants' unlawful discrimination in violation of the NYSHRL, Plaintiff has suffered mental anguish, inconvenience, emotional distress, frustration, anxiety, and humiliation.

39.     Plaintiff prays for judgment for damages to pursuant to NYSHRL § 297(4), and all other relief allowed by law.

## COUNT III - VIOLATION OF NYCRL

40.     Plaintiff realleges and reavers the prior paragraphs of the complaint as if they were expressly restated herein.

41.     As the owner, manager, lessee, and/or proprietor of a place of public accommodation within the jurisdiction of the State of New York, Defendants are obligated to comply with the provisions of the NYCRL.

42.     Plaintiff has complied with the notice requirements of NYCRL section 40-d, as notice of this action was served upon the attorney general prior to or concurrently with the initiation of this suit.

43.     Section 40 of the NYCRL states that "All persons within the jurisdiction of this state shall be entitled to the full and equal accommodations, advantages, facilities and privileges of any places of public accommodations. . . ."

44.     Section 40-c of the NYCRL states that "[n]o person shall, because of . . . disability . . . be subjected to any discrimination in his or her civil rights . . . by any firm, corporation or

institution. . . ."

45.     The conduct alleged herein discriminates against Plaintiff on account of his disability.

469.     The conduct alleged herein violates the NYCRL.

47.     Defendants have violated the NYCRL by depriving Plaintiff of the full and equal enjoyment of the accommodations, advantages, facilities, and privileges offered by Defendants at the Property.

48.     Defendants have violated the NYCRL section 40-c, *inter alia*, by subjecting Plaintiff, as a person with a disability, to discrimination in his civil rights.

49.     Defendants have further violated the NYCRL by being in violation of the rights provided under the ADA and the NYSHRL.

50.     Defendants' conduct has resulted in a cognizable injury to Plaintiff.

51.     Plaintiff has been damaged and will continue to be damaged by this discrimination as more fully set forth above.

52.     Plaintiff prays for judgment pursuant to NYCRL 40-d, including statutory damages, and all other relief allowed by law.

## COUNT IV - VIOLATION OF NYCHRL

53.     Plaintiff realleges and reavers the prior paragraphs of the complaint as if they were expressly restated herein.

54.     As the owner, manager, lessee, and/or proprietor of a place of public accommodation within the jurisdiction of the City of New York, Defendants are obligated to comply with the provisions of the NYCHRL § 8-107(4).

55.     NYCHRL § 8-107(4) provides: "It shall be an unlawful discriminatory practice

for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation, because of the . . . disability . . . of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."

56. The conduct alleged herein discriminates against Plaintiff on account of his disability.

57. The conduct alleged herein violates the NYCHRL.

58. Defendants have violated the NYCHRL by depriving Plaintiff of the full and equal enjoyment of the accommodations, advantages, facilities, and privileges offered by Defendants at the Property.

59. Defendants have violated the NYCHRL by failing to remove the architectural barriers at the Property.

60. Defendants have violated the NYCHRL because, upon information and belief, Defendants' policies or practices regarding the removal of architectural barriers at the Property have a disparate impact on persons with mobility related disabilities.

61. Defendants' conduct has resulted in a cognizable injury to Plaintiff.

62. Plaintiff has been damaged and will continue to be damaged by this discrimination.

63. As a direct and proximate result of Defendants' unlawful discrimination in violation of the NYCHRL, Plaintiff has suffered mental anguish, inconvenience, emotional distress, frustration, anxiety, and humiliation.

64. Plaintiff prays for judgment pursuant to NYCHRL § 8-502(a) for injunctive relief, for damages, and for all other relief allowed by law.

65. Plaintiff has retained the undersigned counsel and is entitled to recover

reasonable attorneys' fees, costs and litigation expenses from Defendant pursuant to NYCHRL § 8-502(g).

WHEREFORE, Plaintiff demands judgment against Defendants, and requests the following relief:

A.     That this Court declare that the Property owned, leased, and/or operated by Defendants is in violation of the ADA, the NYSHRL, the NYCRL, and the NYCHRL;

B.     Issue a permanent injunction ordering the Defendants to remove all violations of the ADA, the NYSHRL, NYCRL and the NYCHRL including, but not limited to, the violations set forth above;

C.     That this Court enter an Order awarding Plaintiff compensatory damages, as provided for under NYSHRL § 297(4) and NYCHRL § 8-502(a), in such amount as this Court deems proper, but not less than $2,000;

D.     That this Court enter an Order awarding Plaintiff statutory damages of $500 for each discriminatory barrier, as provided for under NYCRL section 40-d;

E.     That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to Plaintiff, pursuant to 42 U.S.C. § 12205 and NYCHRL § 8-502(g); and

F.     That this Court award such other and further relief as it deems just and proper.

Dated: June 19, 2018

*Donald J. Weiss*

Donald J. Weiss, Esq. (7619)
Attorney for Plaintiff
363 Seventh Avenue
New York, New York 10001
(212) 967-4440